UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BRANDY LEA RUDDER,<br><br>               Plaintiff,<br><br>   v.<br><br>SHERRI PRICE, et al.,<br><br>               Defendants. | Case No. C24-0753-RAJ-SKV<br><br>REPORT AND RECOMMENDATION |

       Plaintiff is a state prisoner who is proceeding pro se and *in forma pauperis* in this 42 U.S.C. § 1983 civil rights action. Plaintiff names Connie Price, Glen Price, Sherri Price, and Steven Price as defendants. *See* Dkt. 6. It appears from the complaint that these individuals are Plaintiff's aunt, uncle, and cousins. *See id.* Plaintiff alleges Defendant Sherri Price sexually abused her as a child, that Defendants Sherri Price and Steven Price forced her to try methamphetamine and are responsible for her substance addictions, and that Defendants Connie Price and Glen Price negligently failed to prevent Plaintiff's childhood abuse. *Id.*

       To sustain a civil rights cause of action under 42 U.S.C. § 1983, a plaintiff must show (a) that they suffered a violation of rights protected by the Constitution or created by a federal statute, and (b) that the violation was proximately caused by a person acting under color of state

REPORT AND RECOMMENDATION - 1

law. *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). "[T]he under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful[.]" *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) (internal quotation marks and quoted sources omitted). Because Defendants here are private persons, they are not individuals acting under color of state law and are therefore not subject to suit under § 1983. Plaintiff thus fails to state a claim on which relief may be granted.

Pursuant to 28 U.S.C. § 1915(e)(2)(B), this Court shall dismiss a complaint that fails to state a claim on which relief may be granted. The Court generally grants a pro se plaintiff an opportunity to amend the complaint in this circumstance, but may deny such leave if "it is absolutely clear that no amendment can cure the defect." *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995). Here, Plaintiff's allegations make it clear that her complaint cannot be cured by amendment, because no set of allegations can retroactively change Defendants into persons acting under color of state law.[1] For this reason, Plaintiff's complaint, Dkt. 6, should be DISMISSED. A proposed order of dismissal accompanies this Report and Recommendation.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit not later than **fourteen (14) days** from the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motions calendar **fourteen (14) days** from the date they are filed. Responses to objections may

///

///

///

---

[1] The Court acknowledges the complaint has additional deficiencies but does not address those deficiencies here because the issue of Defendants being private persons is dispositive.

REPORT AND RECOMMENDATION - 2

be filed by **the day before the noting date**.  If no timely objections are filed, the matter will be ready for consideration by the District Judge on **August 12, 2024**.

    Dated this 22nd day of July, 2024.

*S. Kate Vaughan*

S. KATE VAUGHAN
United States Magistrate Judge

REPORT AND RECOMMENDATION - 3